**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| METAL RESOURCES INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Civil Action No. 08 C 1068 |
| | ) | |
| v. | ) | |
| | ) | |
| METALMAX, LLC | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendant/Counterplaintiff. | ) | |

**DEFENDANT/COUNTERPLAINTIFF METALMAX, LLC'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant/Counterplaintiff Metalmax, LLC ("Metalmax"), by its counsel, for its answer, affirmative defenses and counterclaim, states as follows:

1. At all times material to this Complaint, Plaintiff was and is an Illinois Corporation licensed to do business in the State of Illinois and engaged in the business of selling steel material and metal product in Hinsdale, DuPage County, Illinois.

**Answer:** Metalmax admits the allegations of Paragraph 1.

2. At all times material to this Complaint, Defendant was and is a Colorado Limited Liability Company.

**Answer:** Metalmax admits the allegations of Paragraph 2.

3. Beginning in January of 2005 and continuing throughout the years of 2005 and 2006, Defendant purchased metal product from the Plaintiff.

**Answer:** Metalmax admits it purchased metal product from Plaintiff from time to time in 2005 and 2006. Metalmax denies the remaining allegations of Paragraph 3.

4. To date, Defendant has made partial payments for the purchased metal product but has failed and refused to pay the balance due of $86,274.28. Invoices delivered by Plaintiff to the Defendant for those unpaid purchases are attached hereto as Exhibit A.

**Answer:**     Metalmax admits that it has made payments to Plaintiff and denies the remaining allegations of Paragraph 4.

5.     The metal product was delivered by Plaintiff to and accepted by or on behalf of the Defendant.

**Answer:**     Metalmax admits that certain metal product was delivered by Plaintiff to Defendant and denies the remaining allegations of Paragraph 5.

6.     Defendant is indebted to Plaintiff in the sum of $86,274.28 for metal product ordered, delivered and accepted by or on behalf of the defendant.

**Answer:**     Metalmax denies the allegations of Paragraph 6.

WHEREFORE, Metalmax prays for judgment in its favor and against Plaintiff, together with an award of costs and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, by Metalmax's right of set-off.

2.     Plaintiff's claims are barred, in whole or in part, by want of consideration.

3.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own breach of contract.

4.     Plaintiff's claims are barred, in whole or in part, by acceptance of contract terms.

5.     Plaintiff's claims are barred, in whole or in part, by Metalmax's timely rejection of nonconforming and/or defective goods.

6.     Plaintiff's claims are barred, in whole or in part, by novation.

7.   Plaintiff's claims are barred, in whole or in part, by laches.

8.   Plaintiff's claims are barred, in whole or in part, by acceptance and ratification.

9.   Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

WHEREFORE, Metalmax prays for judgment in its favor and against Plaintiff, together with an award of costs and such other relief as the Court deems just and appropriate.

## COUNTERCLAIM

Defendant/Counterplaintiff Metalmax, LLC ("Metalmax"), by its counsel, for its counterclaim against Plaintiff/Counterdefendant Metal Resources, Inc. ("MRI"), states:

### COUNT I
### (BREACH OF CONTRACT)

1.   Metalmax is a Colorado limited liability company engaged in buying and selling steel and metal product and metal processing.  It is headquartered in Golden, Colorado.

2.   MRI is an Illinois corporation engaged in the business of selling and buying steel and metal product.  It also manufactures roll-form steel studs.  It is headquartered in Hinsdale, Illinois.

3.   In October and November 2005, MRI asked Metalmax to supply steel and metal product to MRI.

4.   Metalmax shipped to MRI the steel and metal product requested by MRI, and MRI accepted the good.

5. Metalmax sent invoices to MRI for the goods shipped. A copy of the invoices is attached **Exhibit A**.

6. MRI has failed to pay for the steel and metal product it received from Metalmax.

7. MRI is indebted to Metalmax in the sum of $25,974.60 for steel and metal product ordered, delivered and accepted by or on behalf of the MRI.

WHEREFORE, Metalmax prays for judgment in its favor and against MRI in the amount of its actual damages, plus costs and such other relief as the Court deems just and appropriate.

## COUNT II
## (QUANTUM MERUIT)

8. Metalmax repeats and incorporates the foregoing paragraphs.

9. Metalmax delivered goods to MRI.

10. Metalmax had a reasonable expectation that it would be paid the reasonable value of the goods supplied to MRI.

11. MRI requested and accepted the goods under circumstances in which it knew or reasonably should have known that Metalmax expected to be paid;

12. MRI has failed to pay the reasonable value of the good supplied by MRI.

WHEREFORE, Metalmax prays for judgment in its favor and against MRI in the amount of its actual damages, plus costs and such other relief as the Court deems just and appropriate.

March 17, 2008

        Respectfully submitted,

        METALMAX, LLC

By:   *s/Ann H. Cisneros*_____
       Ann H. Cisneros, ARDC #6204644
       ANN H. CISNEROS LAW, LLC
       P.O. Box 7310
       Denver, Colorado 80207
       303-284-1501 (voice)
       303-496-1502 (fax)
       acisneros@annhcisneroslaw.com

       Local Counsel:

       *s/Gene Moskowitz*_____
       Gene Moskowitz
       Gene Moskowitz and Associates, Ltd.
       205 W. Wacker Drive, Suite 1600
       Chicago, IL 60606
       312-236-3511
       No. 6183766
       gkmosk@aol.com

**Certificate of Service**

The undersigned certifies that a copy of the foregoing

**DEFENDANT/COUNTERPLAINTIFF METALMAX, LLC'S
ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record.  In addition, the foregoing was served on the following counsel for Plaintiff by U.S. mail, postage prepaid, on March 18, 2008.

> Thomas W. Hargrove
> James H. Pluymert
> Pluymert, Piercey, MacDonald & Amato, LTD
> 2300 Barrington Road, Suite 220
> Hoffman Estates, IL  60195

_s/Ann H. Cisneros_____

6