**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| METAL RESOURCES, INC., ) | |
| Plaintiff, ) | |
| vs. ) | Case Number: 2008 C 1068 |
| METALMAX, LLC., ) | Judge Robert W. Gettleman |
| Defendants. ) | |

**PLAINTIFF/COUNTERDEFENDANT METAL RESOURCES, INC. ANSWER TO AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

NOW COMES Plaintiff/Counterdefendant, METAL RESOURCES, INC., by and through its attorneys, PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD., and for its Answer to Affirmative Defenses, states as follows:

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, by Metalmax's right of set-off.

   **ANSWER:** **Plaintiff denies the allegations contained in Paragraph 1 of Defendant's Affirmative Defenses.**

2. Plaintiff's claims are barred, in whole or in part, by want of consideration.

   **ANSWER:** **Plaintiff denies the allegations contained in Paragraph 2 of Defendant's Affirmative Defenses.**

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own breach of contract.

   **ANSWER:** **Plaintiff denies the allegations contained in Paragraph 3 of Defendant's Affirmative Defenses.**

4. Plaintiff's claims are barred, in whole or in part, by acceptance of contract terms.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 4 of Defendant's Affirmative Defenses.**

5. Plaintiff's claims are barred, in whole or in part, by Metalmax's timely rejection of nonconforming and/or defective goods.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 5 of Defendant's Affirmative Defenses.**

6. Plaintiff's claims are barred, in while or in part, by novation.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 6 of Defendant's Affirmative Defenses.**

7. Plaintiff's claims are barred, in whole or in part, by laches.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 7 of Defendant's Affirmative Defenses.**

8. Plaintiff's claims are barred, in whole or in part, by acceptance and ratification.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 8 of Defendant's Affirmative Defenses.**

9. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

**ANSWER: Plaintiff denies the allegations contained in Paragraph 9 of Defendant's Affirmative Defenses.**

WHEREFORE, Plaintiff/Counterdefendant, METAL RESOURCES, INC., by and through its attorneys, PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD., respectfully requests that Defendant's Affirmative Defenses be dismissed and for such other and further relief as may be deemed equitable and just herein.

## COUNTERCLAIM

NOW COMES Plaintiff/Counterdefendant, METAL RESOURCES, INC., by and through its attorneys, PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD., and for its Answer to Counterclaim, states as follows:

## COUNT I
## (BREACH OF CONTRACT)

1. Metalmax is a Colorado limited liability company engaged in buying and selling steel and metal products and metal processing. It is headquartered in Golden, Colorado.

**ANSWER: Plaintiff/Counterdefendant admits the allegations contained in Paragraph 1 of Defendant's Counterclaim.**

2. MRI is an Illinois corporation engaged in the business of selling and buying steel and metal product. It also manufactures roll-form steel studs. It is headquartered in Hinsdale, Illinois.

**ANSWER: Plaintiff/Counterdefendant admits the allegations contained in Paragraph 2 of Defendant's Counterclaim.**

3. In October and November 2005, MRI asked Metalmax to supply steel and metal product to MRI.

**ANSWER: Plaintiff/Counterdefendant admits the allegations contained in Paragraph 3 of Defendant's Counterclaim.**

4. Metalmax shipped to MRI the steel and metal product requested by MRI and MRI accepted the good [sic].

**ANSWER: Plaintiff/Counterdefendant admits the allegations contained in Paragraph 4 of Defendant's Counterclaim.**

5. Metalmax sent invoices to MRI for the goods shipped. A copy of the invoices is attached **Exhibit A**.


**ANSWER:** **Plaintiff/Counterdefendant admits that Metalmax sent invoices to MRI for the goods shipped but denies the remaining allegations contained in Paragraph 5, in that no Exhibits were attached to the Counterclaim.**

6. MRI has filed to pay for the steel and metal product it received from Metalmax.

**ANSWER:** **Plaintiff/Counterdefendant denies the allegations contained in Paragraph 6 of Defendant's Counterclaim.**

7. MRI is indebted to Metalmax in the sum of $25,974.60 for steel and metal product ordered, delivered and accepted by or on behalf of the [sic] MRI.

**ANSWER:** **Plaintiff/Counterdefendant denies the allegations contained in Paragraph 7 of Defendant's Counterclaim.**

WHEREFORE, Plaintiff/Counterdefendant, METAL RESOURCES, INC., by and through its attorneys, PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD., respectfully requests that Defendant's Counterclaim, Count I, be dismissed and for such other and further relief as may be deemed equitable and just herein.

## COUNT II
### (QUANTUM MERUIT)

8. Metalmax repeats and incorporates the foregoing paragraphs.

**ANSWER:** **Plaintiff/Counterdefendant realleges and reasserts its answers to the foregoing paragraphs.**

9. Metalmax delivered goods to MRI.

**ANSWER:** **Plaintiff/Counterdefendant admits the allegations contained in Paragraph 4 of Defendant's Counterclaim.**

10. Metalmax had a reasonable expectation that it would be paid the reasonable value of the goods supplied to MRI.

**ANSWER:  Plaintiff/Counterdefendant denies the allegations contained in Paragraph 4 of Defendant's Counterclaim.**

11. MRI requested and accepted the goods under circumstances in which it knew or reasonably should have known that Metalmax expected to be paid.

**ANSWER:  Plaintiff/Counterdefendant denies the allegations contained in Paragraph 4 of Defendant's Counterclaim.**

12. MRI has failed to pay the reasonable value of the good supplied by MRI.

**ANSWER:  Plaintiff/Counterdefendant denies the allegations contained in Paragraph 4 of Defendant's Counterclaim.**

WHEREFORE, Plaintiff/Counterdefendant, METAL RESOURCES, INC., by and through its attorneys, PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD., respectfully requests that Defendant's Counterclaim, Count II, be dismissed and for such other and further relief as may be deemed equitable and just herein.

        Respectfully submitted:
        Metal Resources, Inc.

        *s/Thomas W. Hargrove*
        One of Its Attorneys

James H. Pluymert and Thomas W. Hargrove
PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD.
Attorneys for Plaintiff
2300 Barrington Road, Suite 220
Hoffman Estates, IL 60195
847-310-0025
Attorney No. 06181262 and 06216209