**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| METAL RESOURCES, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counter-Defendant ) | |
| ) | Case Number:  2008 C 1068 |
| vs. ) | |
| ) | Judge Robert W. Gettleman |
| METALMAX, LLC, ) | Courtroom 1703 |
| ) | |
| Defendant and ) | |
| Counter-Plaintiff. ) | |

### JOINT STATUS REPORT

A.    This matter is set for status conference on July 24, 2008 at 9:00 A.M.

B.    The plaintiff/counter-defendant, Metal Resources, Inc. ("MRI"), is represented by Ronald J. Senechalle, Thomas W. Hargrove and James H. Pluymert of the law firm of PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD.  James H. Pluymert will be the trial attorney for the plaintiff.  The defendant/counter-plaintiff, Metalmax, LLC ("Metalmax") is represented by Ann H. Cisneros of the law firm of Ann H. Cisneros Law, LLC and Gene Moskowitz of Gene Moskowitz and Associates, Ltd.  Ms. Moskowitz is expected to try the case for Metalmax.

C.    The parties have diversity of citizenship in that MRI is an Illinois corporation and the Metalmax is a Colorado limited liability company and the amount claimed by MRI presently exceeds $75,000.00.  This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. §1332.

D.    No jury has been requested in this matter.

E.    Nature of claims by each party: Plaintiff brings a single count complaint for breach of contract.  In its complaint, Plaintiff alleges that it sold certain metal products to Defendant, and

- 1 -

that Defendant has failed to pay the full amounts due, with a deficit in the amount of $86,274.28. However, based upon information received from the defendant in preparation for a settlement conference, Plaintiff anticipates that it will amend its complaint, and seek damages in an amount less than $75,000.

Metalmax denies liability for breach of contract and asserts several affirmative defenses including: set-off; want of consideration; acceptance of contract terms; breach of contract by MRI, rejection of non-conforming and/or defective goods; novation; laches; ratification; and accord and satisfaction. Metalmax also brings a two count counter-claim. Count I alleges breach of contract for non-payment of metal products sold to MRI in the amount of $25,974.60. Count II alleges quantum meruit based on Metalmax's reasonable expectation that it would be paid for goods supplied to MRI.

F. Relief sought by each party: Both parties seek money damages.

G. All parties to this cause of action have been properly served.

H. Principal legal issues: This complaint and counter-claim involve a series of transactions between the parties over a period of several months. The transactions involve the sale and processing of coiled steel. The claims of both parties revolve around disputes concerning the terms of those transactions, including unit price, the quantities that were ordered and/or actually shipped, the freight costs associated with those transactions, and which party bore those costs. The legal issues center around Article 2, Part 2 of the Uniform Commercial Code (810 ILCS 5/2-201, *et. seq.*), with a focus on 810 ILCS 5/2-207.

I. Principal factual issues: The principal factual dispute surrounds the pricing and quantity terms of the various transactions between the parties, and whether or not the agreed upon

funds have been paid. The transactions took place between September 2005 and February 2006, and involve the sale of processed steel.

      J.      Brief description of all anticipated motions: Plaintiff does not anticipate any motions at this time. Other than a motion to amend the complaint to reduce MRI's damages claim, whereupon this case is likely to be remanded to state court, Metalmax does not anticipate any motions at this time.

      K.      Proposed discovery plan: At the present, Metalmax has provided documents as part of ongoing settlement discussions. If the balance of the necessary documents, including MRI's documents, are voluntarily produced, formal written discovery will not be necessary. Depositions will likely be limited to representatives of the parties.

      L.      MRI anticipates that it will be ready for trial in no more than six months. Metalmax has not received documents informally from MRI and anticipates that written discovery will be required. In addition, preparation for trial will involve reconciling a large quantity of conflicting paperwork for a series of transactions, as well as the scheduling of depositions in three states. As a result, Metalmax anticipates that the parties will require at least nine months to prepare for trial.

      M.      The parties are currently in active and ongoing settlement discussions. The parties would like to exhaust informal discussions before taking the Court's time, and incurring the expense, of a settlement conference.

      N.      The parties do not consent to a trial before a magistrate judge.

- 4 -

Respectfully submitted:
Metal Resources, Inc.                                      Metalmax, LLC.


*s/Thomas W. Hargrove*                                     *s/Ann H. Cisneros*
One of Its Attorneys                                       One of Its Attorneys




James H. Pluymert, Ronald J. Senechalle and Thomas W. Hargrove
PLUYMERT, PIERCEY, MACDONALD & AMATO, LTD.
Attorneys for Plaintiff
2300 Barrington Road, Suite 220
Hoffman Estates, IL 60195
847-310-0025
Attorney No. 06181262, 06194070 & 06216209

**Certificate of Service**

    The undersigned certifies that a copy of the foregoing Joint Status Report was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record. In addition, the foregoing was served on the following by US mail, postage prepaid, this 17th day of July, 2008.

TO:    Ann H. Cisneros Law, LLC    Gene Moskowitz & Associates, Ltd.
        PO Box 7310    205 W. Wacker Drive, Suite 1600
        Denver, CO 80207    Chicago, IL 60606

        *s/Diane M. Phillips*
        Diane M. Phillips